**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re:

**THOMAS G. AHERN,**                                     Case No.: 17-37041(CGM)
                                                          Chapter 13
                    Debtor(s).
-------------------------------------------------------------------x

# LOSS-MITIGATION ORDER

A Loss Mitigation Request[1] was filed by the

    X Debtor on *December 12, 2017*;

    ☐ Creditor on *[Date]* _____, 20__;

    ☐ The Court raised the possibility of Loss Mitigation on *[Date]* _____, 20__.

Pursuant to the Loss Mitigation Program Procedures, the parties have had notice and an opportunity to object. Upon the foregoing, it is hereby

**ORDERED**, that the following parties (collectively, the "Loss Mitigation Parties") are directed to participate in Loss Mitigation on Loan ending in **2077**:

    1. The Debtor, **THOMAS G. AHERN** and

    2. The Creditor, **DITECH FINANCIAL, LLC** with respect to 242 Oak Ridge Road, Hopewell Junction, New York 12533.

**ORDERED**, that the Loss Mitigation Parties shall comply with the Southern District of New York Loss Mitigation Program Procedures; and it is further

**ORDERED**, that the Loss Mitigation Parties shall observe the following deadlines:

1. **Within 7 days of the entry of this Order**:

    o **Service of this Order:** The Loss Mitigation Party seeking Loss Mitigation shall serve this Order upon the other Loss Mitigation Parties and any

---

[1] Unless otherwise provided herein, all capitalized terms are defined in the Southern District of New York's Loss Mitigation Program Procedures.

Page **1** of **5**

additional parties that were served with the Loss Mitigation Request. Upon service of this Order, an affidavit of service shall be filed with the Court.

2. **Within 7 days of the service of the Loss Mitigation Order:**

   o **Designation of Contact Persons:** Each Loss Mitigation Party shall designate contact persons and disclose contact information, unless this information has been previously provided. As part of this obligation, the Creditor shall furnish each Loss Mitigation Party with written notice of the name, address and direct telephone number of the person who has full settlement authority on the loan in question as well as the attorney or law firm representing the Creditor in the Loss Mitigation; and

   o **Creditor Loss Mitigation Affidavit:** The Creditor shall serve upon the Debtor and Debtor's attorney a request for information using the *"Creditor Loss Mitigation Affidavit"*[2] form and shall file the *"Creditor Loss Mitigation Affidavit"* form and proof of service of same on the Court's Electronic Case Filing System (ECF). The Creditor may designate its contact and attorney in the *"Creditor Loss Mitigation Affidavit."*

3. **Within 14 days of the service of the Creditor Loss Mitigation Affidavit:**

   o **Debtor Loss Mitigation Affidavit:** The Debtor shall serve upon the Creditor all documents requested in a response to Creditor's request for information using the "*Debtor Loss Mitigation Affidavit*" and Debtor shall file proof of service of said documents using the *"Debtor Loss Mitigation Affidavit"* on ECF. All documents shall be sent in one complete package and served upon the Creditor's designated contact person and the Creditor's attorney.

4. **Within 21 days of the service of the Debtor Loss Mitigation Affidavit:**

   o **Conference Call:** The Loss Mitigation Parties and their attorneys shall participate in a conference call to discuss the status of Loss Mitigation.

   o **Second Creditor Loss Mitigation Affidavit (if any):** The Creditor shall file on ECF and serve upon the Debtor and Debtor's counsel a second *"Creditor Loss Mitigation Affidavit"* setting forth any additional financial documents required from the debtor(s), including, if applicable, a detailed description of any inconsistencies found by the Creditor in the Debtor's documents that requires further clarification and the clarification required, together with an affidavit of service for same. ***Failure to timely file the "Creditor Loss***

---

[2] Italicized words in quotations indicate that there is a form by the same name on the Bankruptcy Court's website. These forms shall be used whenever applicable.

> *Mitigation Affidavit" requesting additional documents or explanations of inconsistencies, if any, may result in the Creditor waiving its right to obtain addition financial information from the Debtor and said Creditor may be required to accept the Debtor's representations regarding income or other financial matters;*

5. **Within 14 days of the service of the Second Creditor Loss Mitigation Affidavit:**

   o **Second Debtor Loss Mitigation Affidavit (if any):** The Debtor shall provide any requested information to the Creditor and file on ECF a second *"Debtor Loss Mitigation Affidavit"* demonstrating service of same upon the Creditor.

6. **Within 60 days of the service of the Loss Mitigation Order:**

   o **Second Conference Call:** The Loss Mitigation Parties and their attorneys shall participate in a second conference call if any documents remain outstanding.

   o **Status Report:** The Loss Mitigation Parties shall file a status report in the form of a letter evidencing compliance with this Order and updating the Court on the status of the Loss Mitigation and summarizing the conference call.

7. **Within 75 days of service of the Loss Mitigation Order:**

   o **Status Conference:** A first status conference shall be held in this case on February 13, 2018 at 9:30 AM *at* the United States Bankruptcy Court located at **355 Main Street, Poughkeepsie, NY** (the "Initial Status Conference"). The Loss Mitigation Parties shall appear at the Status Conference and provide the Court with a verbal Status Report. *The Initial Status Conference cannot be adjourned without permission of the Court and consent of the other Loss Mitigation Parties.*

     ▪ If the Debtor has failed to provide any and all of the requested documents prior to the Initial Status Conference, *the Debtor shall appear* at the Initial Status Conference *with said documents* or be prepared to testify as to why the Debtor has failed to provide them.

     ▪ Should Debtor fail to provide to the Creditor all requested documentation as required by the Creditor's First and/or Second Loss Mitigation Affidavits by the Initial Status Conference, the Creditor may seek termination of Loss Mitigation at the Initial Status Conference, provided that the Creditor files a *"Request to Terminate Loss Mitigation"* at least seven (7) days prior to the Initial Status Conference in accordance with the Loss Mitigation Program Procedures.

- At the Initial Status Conference, the Court may consider a Settlement reached by the Loss Mitigation Parties, or may adjourn the Initial Status Conference, as necessary.

**8. Within 30 days of the Initial Status Conference:**

- **Creditor Status Report:** The Creditor shall file a status report indicating whether or not the Debtor is entitled to a loan modification. If a modification is offered, this status report shall set forth the terms and conditions thereof. If no determination has been made upon this loan, the status report shall include the name and phone number of the underwriter reviewing the file and the exact level of review of the loan. Failure to do so may result in the Court scheduling a date for Creditor, by a representative of same with full settlement and negotiation authority, to appear before it to explain why it has not provided to the Debtor with such information.

  - **Appearance of Bank Representative:** Should a representative of the Creditor be required to appear at any time during the Loss Mitigation, the Creditor shall file a letter designating the agent appearing before the Court upon ECF.

And it is further

**ORDERED**, that any matters that are currently pending between the Loss Mitigation Parties may be adjourned by the Court to the date of the Initial Status Conference to the extent those matters concern (1) relief from the automatic stay, (2) objection to the allowance of a proof of claim, (3) reduction, reclassification or avoidance of a lien, (4) valuation of a Loan or Property, (5) objection to confirmation of a plan of reorganization; or (6) any other matter so scheduled by the Court.

**ORDERED** that in a chapter 7 case, the entry of this Order automatically defers the entry of an order granting the Debtor's discharge until one day after an *"Order Terminating Loss Mitigation and Final Report"* is filed pursuant to Federal Rule of Bankruptcy Procedure 4004(c)(2). The time to object to the Debtor's discharge or the dischargeability of a debt is ***NOT*** extended by this Order; and it is further

**ORDERED**, that the time for each Creditor that is a Loss Mitigation Party in this case to file an objection to a plan of reorganization shall be extended until 14 days after the filing of an *"Order Terminating Loss Mitigation and Final Report."*



**Dated: January 5, 2018
Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris
Chief U.S. Bankruptcy Judge**

Page **5** of **5**